APPEAL,CLOSED,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:22–cv–03048–CRC
### *Internal Use Only*

| | |
|---|---|
| FARMER–PAELLMANN et al v. SMITHSONIAN INSTITUTION | Date Filed: 10/07/2022 |
| Assigned to: Judge Christopher R. Cooper | Date Terminated: 07/06/2023 |
| Case in other court:  USCA, 22–05329 | Jury Demand: None |
| Cause: 28:1331 Fed. Question | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**DEADRIA FARMER–PAELLMANN**   represented by   **Lionel Andre**
SECIL LAW PLLC
1701 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
202–417–8465
Email: landre@secillaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adriaen M. Morse , Jr.**
SECIL LAW PLLC
1701 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
571–314–5469
Email: amorse@secillaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RESTITUTION STUDY GROUP, INC.**   represented by   **Lionel Andre**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adriaen M. Morse , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SMITHSONIAN INSTITUTION**   represented by   **Douglas C. Dreier**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA

1

601 D Street NW
Washington, DC 20053
(202) 252–2551
Email: douglas.dreier@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/07/2022 | 1 | COMPLAINT against SMITHSONIAN INSTITUTION ( Filing fee $ 402 receipt number ADCDC–9584980) filed by DEADRIA FARMER–PAELLMANN, RESTITUTION STUDY GROUP, INC.. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(Morse, Adriaen) (Entered: 10/07/2022) |
| 10/07/2022 | 2 | Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* by DEADRIA FARMER–PAELLMANN, RESTITUTION STUDY GROUP, INC.. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Text of Proposed Order, # 4 Certificate of Service)(Morse, Adriaen). Added MOTION for Preliminary Injunction on 10/11/2022 (znmw). (Entered: 10/07/2022) |
| 10/07/2022 | 3 | NOTICE of Appearance by Lionel Andre on behalf of All Plaintiffs (Andre, Lionel) (Entered: 10/07/2022) |
| 10/07/2022 | 4 | NOTICE of Appearance by Douglas C. Dreier on behalf of SMITHSONIAN INSTITUTION (Dreier, Douglas) (Entered: 10/07/2022) |
| 10/11/2022 |  | Case Assigned to Judge Christopher R. Cooper. (zmrl) (Entered: 10/11/2022) |
| 10/11/2022 | 5 | SUMMONS (1) Issued Electronically as to SMITHSONIAN INSTITUTION. (Attachment: # 1 Notice and Consent)(zmrl) (Entered: 10/11/2022) |
| 10/11/2022 |  | NOTICE of Hearing: Status Conference set for 10/11/2022 at 11:00 AM by VTC before Judge Christopher R. Cooper. Video connection information will be emailed to the parties.(lsj) (Entered: 10/11/2022) |
| 10/11/2022 |  | Minute Entry for video Status Conference held before Judge Christopher R. Cooper on 10/11/2022. Defendant's Response due by noon on 10/13/2022. (Court Reporter: Tim Miller) (lsj) (Entered: 10/11/2022) |
| 10/11/2022 |  | MINUTE ORDER: The Defendant shall file a response to Plaintiffs' Motion for a Temporary Injunction by October 13, 2022 at noon. Signed by Judge Christopher R. Cooper on 10/11/2022. (lccrc2) (Entered: 10/11/2022) |
| 10/13/2022 | 6 | Memorandum in opposition to re 2 Motion for TRO,, Motion for Preliminary Injunction, filed by SMITHSONIAN INSTITUTION. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Dreier, Douglas) (Entered: 10/13/2022) |
| 10/13/2022 | 7 | MOTION to Dismiss *(Duplicate of ECF No. 6)* by SMITHSONIAN INSTITUTION. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Dreier, Douglas) (Entered: 10/13/2022) |
| 10/13/2022 |  | MINUTE ORDER: Plaintiffs are instructed to file any reply to Defendant's 6 Opposition to Plaintiffs' Emergency Motion by October 14, 2022 at noon. Signed by Judge Christopher R. Cooper on 10/13/2022. (lccrc2) (Entered: 10/13/2022) |
| 10/14/2022 | 8 |  |

| | | |
|---|---|---|
| | | REPLY to opposition to motion re 2 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* MOTION for Preliminary Injunction *and Memorandum in Opposition to 7 Motion to Dismiss* filed by DEADRIA FARMER–PAELLMANN, RESTITUTION STUDY GROUP, INC.. (Morse, Adriaen) (Entered: 10/14/2022) |
| 10/14/2022 | 9 | Memorandum in opposition to re 7 Motion to Dismiss *(Duplicate of 8 )* filed by DEADRIA FARMER–PAELLMANN, RESTITUTION STUDY GROUP, INC.. (Morse, Adriaen) (Entered: 10/14/2022) |
| 10/14/2022 | 10 | ORDER denying Plaintiffs' 2 Motion for a Temporary Restraining Order and Preliminary Injunction. See full order for details. Signed by Judge Christopher R. Cooper on 10/14/2022. (lccrc2) (Entered: 10/14/2022) |
| 12/09/2022 | 11 | WITHDRWAN PURSUANT TO NOTICE FILED 03/31/2023.....NOTICE OF APPEAL TO DC CIRCUIT COURT by DEADRIA FARMER–PAELLMANN. Filing fee $ 505, receipt number ADCDC–9725697. Fee Status: Fee Paid. Parties have been notified. (Andre, Lionel) Modified on 4/4/2023 (zjm). (Entered: 12/10/2022) |
| 12/12/2022 | 12 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 11 Notice of Appeal to DC Circuit Court. (zjm) (Entered: 12/12/2022) |
| 12/13/2022 | | USCA Case Number 22–5329 for 11 Notice of Appeal to DC Circuit Court filed by DEADRIA FARMER–PAELLMANN. (znmw) (Entered: 12/14/2022) |
| 03/31/2023 | 13 | NOTICE re 11 *of Withdrawal of Interlocutory Appeal* by RESTITUTION STUDY GROUP, INC. (Andre, Lionel) Modified on 4/4/2023 to add docket link (zjm). (Entered: 03/31/2023) |
| 03/31/2023 | 14 | MANDATE of USCA as to 11 Notice of Appeal to DC Circuit Court filed by DEADRIA FARMER–PAELLMANN ; USCA Case Number 22–5329. (Attachment: # 1 USCA Order March 31, 2023)(zjm) (Entered: 04/03/2023) |
| 07/05/2023 | 15 | ORDER granting Defendant's 7 Motion to Dismiss. See full Order and accompanying Memorandum Opinion for details. Signed by Judge Christopher R. Cooper on 7/5/2023. (lccrc2) (Entered: 07/05/2023) |
| 07/05/2023 | 16 | MEMORANDUM OPINION re 15 ORDER granting Defendant's 7 Motion to Dismiss. Signed by Judge Christopher R. Cooper on 7/5/2023. (lccrc2) (Entered: 07/05/2023) |
| 08/30/2023 | 17 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 15 Order on Motion to Dismiss, 16 Order, Memorandum & Opinion by DEADRIA FARMER–PAELLMANN, RESTITUTION STUDY GROUP, INC.. Filing fee $ 505, receipt number ADCDC–10315606. Fee Status: Fee Paid. Parties have been notified. (Morse, Adriaen) (Entered: 08/30/2023) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**DEADRIA FARMER-PAELLMANN**
**and RESTITUTION STUDY GROUP,**
**on behalf of themselves and all others**
**similarly situated,**

        **Plaintiffs,**

        **v.**

**SMITHSONIAN INSTITUTION,**

        **Defendant.**

**Civil Action No.: 22-cv-03048**

---

**NOTICE OF APPEAL**

Notice is hereby given that Plaintiffs, Deadria Farmer-Paellmann and Restitution Study

Group, Inc., hereby appeal to the United States Court of Appeals for the District of Columbia

Circuit from the Order of this Court granting Defendant's Motion to Dismiss (ECF 15 & 16),

entered on July 5, 2023.

Dated: August 30, 2023                Respectfully submitted,


/s/ *Adriaen M. Morse Jr.*
Adriaen M. Morse Jr. (DC Bar No. 483347)
Cory Kirchert (D.C. Bar No. 90002687)
Lionel André (D.C. Bar No. 422534)
SECIL LAW PLLC
1701 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006
Tel: 202.417.8232
amorse@secillaw.com

*Counsel for Plaintiffs*

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 30, 2023, a true and correct copy of the foregoing document was

filed with the Clerk of Court using the CM/ECF system., which will cause the document to be sent

to all counsel of record registered to receive electronic service by operation of the Court's

electronic filing system.

/s/ *Adriaen M. Morse Jr.*
Adriaen M. Morse Jr.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DEADRIA FARMER-PAELLMANN**, *et al.,* | |
| Plaintiffs, | |
| v. | Case No. 22-cv-3048 (CRC) |
| **SMITHSONIAN INSTITUTION**, | |
| Defendant. | |

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that [7] Defendant's Motion to Dismiss is GRANTED.

This is a final appealable Order.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: July 5, 2023

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **DEADRIA FARMER-PAELLMANN**, *et al.,* |
| Plaintiffs, |
| v. |
| **SMITHSONIAN INSTITUTION**, |
| Defendant. |

Case No. 22-cv-3048 (CRC)

### MEMORANDUM OPINION

Plaintiffs, Deadria Farmer-Paellmann and Restitution Study Group, sought injunctive

relief and, later, a temporary restraining order ("TRO") to prevent the Smithsonian Institution

from repatriating a portion of its collection of artifacts known as the "Benin Bronzes" to a

national museum in Nigeria.  Plaintiffs alleged that transferring 29 of the 39 Benin Bronzes in

the Smithsonian's collection would exceed its authority, breach the Smithsonian's trust

relationships with the people of the United States and U.S. citizens of West African descent, and

unjustly enrich the receiving museum.  This Court denied the TRO request, finding that Plaintiffs

were unlikely to succeed on their claims because they lacked standing, failed to assert any valid

cause of action, and had not alleged that irreparable harm would occur if the Bronzes were

transferred.  Op. and Order, ECF No. 10, at 1, 3.  Plaintiffs appealed, but withdrew the appeal

and expressed intent to amend their complaint "in the next two weeks."  Pls.' Notice of

Withdrawal, ECF No. 13, at 1.  Three months have passed, however, and Plaintiffs have yet to

seek leave to file an amended complaint.  The Court is left with Plaintiffs' original complaint

seeking to enjoin the Smithsonian from transferring title of the Bronzes, which the Smithsonian

moved to dismiss at the same time it opposed Plaintiffs' TRO request.[1]  The motion is granted.

For myriad reasons, the Court lacks subject-matter jurisdiction to hear the case.  See

Worth v. Jackson, 451 F.3d 854, 857 (D.C. Cir. 2006) (explaining that "standing, mootness, and

ripeness doctrines" establish the boundaries of the court's subject-matter jurisdiction).  To start,

Plaintiffs' claims now appear moot because title to the Bronzes has already been transferred.[2]

Plaintiffs must retain a justiciable controversy throughout the litigation, and a case becomes

moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing

party."  See Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 160–61 (2016).  A moot case must be

dismissed.  Id.  Here, Plaintiffs seek to permanently enjoin the Smithsonian from transferring

title of the Bronzes.  Compl. at 19–20.  But as has been widely reported and officially confirmed

by the U.S. government, the Smithsonian already transferred ownership of the 29 Benin Bronzes

at issue on October 11, 2022.[3]  See, e.g., Kelsey Ables, Smithsonian gives back 29 Benin

bronzes to Nigeria: 'We are not owners', Wash. Post (Oct. 11, 2022, 4:57 PM),

https://perma.cc/JJ5A-Q53A; Michael Laff, 30 Benin Bronzes Returned to Nigeria, U.S.

Embassy and Consulate in Nigeria (Oct. 17, 2022), https://perma.cc/62ZF-76AF.  Accordingly,

there is no relief the Court can grant to Plaintiffs, so the case must be dismissed as moot.

---

[1] Plaintiffs opposed the motion to dismiss alongside their reply to the government's TRO opposition.  See Pls.' Mem. in Opp'n to Mot. Dismiss, ECF No. 9.

[2] While the Smithsonian did not raise the issue of mootness in its motion to dismiss, which was filed before the transfer, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists."  Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

[3] When analyzing subject-matter jurisdiction, the Court may consider materials outside the pleadings.  See Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1107 (D.C. Cir. 2005).

Even if the Court interpreted the complaint broadly to avoid mootness issues, Plaintiffs still would lack standing to pursue their claims.  To have standing, a plaintiff "must have suffered an injury in fact" that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical[.]"  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (cleaned up).  Even assuming Plaintiffs intended to enjoin the Smithsonian from transferring the remaining ten Bronzes in its collection, there are no allegations to support that another transfer is "actual or imminent."  Such an injury would be "too speculative" to support standing.  See Clapper v. Amnesty Intern. USA, 568 U.S. 398, 409 (2013).

Moreover, even if Plaintiffs have standing, they have failed to assert any valid causes of action to challenge the Smithsonian's decision to transfer the Bronzes, as the Court explained in its TRO ruling.  Op. and Order, ECF No. 10, at 1.  To recap, Plaintiffs' *ultra vires* claim fails because the Smithsonian is explicitly empowered to "transfer" works in its collection, 20 U.S.C. § 80m(a)(2); Plaintiffs' allegations about breaches of trust relationships falter because the "United States, as trustee, holds legal title to the original Smithson trust property and later accretions," not U.S. citizens or any subsection of U.S. citizens, see Dong v. Smithsonian Inst., 125 F.3d 877, 883 (D.C. Cir. 1997); and Plaintiffs' unjust enrichment claim does not allege that the Smithsonian has received a benefit from the Plaintiffs without adequate compensation, see Rapaport v. U.S. Dep't of Treasury, Off. of Thrift Supervision, 59 F.3d 212, 217 (D.C. Cir. 1995).

The Court will, accordingly, grant Defendant's motion and dismiss the case.

A separate order will follow.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:   July 5, 2023